**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEBBLE LIMITED PARTNERSHIP; ALASKA PENINSULA CORPORATION, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; DENNIS J. MCLERRAN, in his official capacity as Regional Administrator of EPA Region 10, <br><br> Defendants - Appellees, <br><br> NATURAL RESOURCES DEFENSE COUNCIL; BRISTOL BAY NATIVE CORPORATION; TROUT UNLIMITED; UNITED TRIBES OF BRISTOL BAY; NUNAMTA AULUKESTAI, <br><br> Intervenor-Defendants - Appellees. | No. 14-35845 <br><br> D.C. No. 3:14-cv-00097-HRH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Senior District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 14, 2015
Anchorage, Alaska

Before: CANBY, BYBEE, and WATFORD, Circuit Judges.

The facts and procedural posture of this case are known to the parties, and we do not repeat them here. Plaintiffs-appellants Pebble Limited Partnership and Alaska Peninsula Corporation appeal from the district court's order dismissing their complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). We affirm the decision of the district court.

The Administrative Procedure Act authorizes the federal courts to review "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. In interpreting this language, the Supreme Court has held that "two conditions must be satisfied for agency action to be 'final': First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (citations and internal quotation marks omitted). The agency action that the plaintiffs challenge—EPA Regional Administrator Dennis McLerran's February 28, 2014 letter announcing the commencement of review proceedings under Section 404(c)

of the Clean Water Act, 33 U.S.C. § 1344(c)—did not satisfy either of these requirements.

The February 28 letter was not the "consummation" of EPA's decisionmaking process on any issue. The letter did not state whether or not EPA will veto the specification of Bristol Bay as a disposal site for dredged or fill material; it merely indicated that EPA was beginning a review process to decide that question. The plaintiffs attempt to sidestep this fact by arguing that the letter constituted a final determination by EPA on the limited issue of whether EPA has authority to initiate Section 404(c) proceedings before any party has applied to the Army Corps of Engineers for a discharge permit, but they are incorrect. EPA decided that it has such authority in 1979, when it adopted regulations interpreting Section 404 to that effect. *See* 40 C.F.R. § 231.1(a). The agency simply acted in accordance with that preexisting interpretation of the statute when it issued the February 28 letter; the letter was not a new, final decision on the scope of EPA's statutory authority.[1]

---

[1] We do not decide whether, after EPA has taken final agency action, the plaintiffs could bring a challenge to EPA's 1979 regulation under this court's decision in *Wind River Mining Corp. v. United States*, 946 F.2d 710, 715 (9th Cir. 1991). We merely hold that the February 28 letter was not itself final agency action.

Nor did the February 28 letter determine any rights or obligations of the plaintiffs or otherwise subject them to legal consequences.  The plaintiffs argue that the letter forced them to participate in an agency proceeding that they believe to be illegal, but participation in a Section 404(c) proceeding is voluntary, and in any event, an agency's requiring a party to participate in an agency proceeding is not the sort of legal consequence indicative of final agency action.  *See, e.g.*, *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 242 (1980).  The plaintiffs also point out that the letter suspended the Corps' ability to issue them a Section 404 discharge permit, but this impairment may be only temporary; after the Section 404(c) review proceeding has concluded, the Corps will be able to issue the plaintiffs a permit again, assuming that EPA has not chosen to veto specification of Bristol Bay as a disposal site.  That fact distinguishes this case from *Sackett v. EPA*, where the Court held that an EPA compliance order was final agency action because, among many other things, it imposed a severe and *indefinite* impairment on the Corps' ability to issue a Section 404 permit for a particular property.  *See* 132 S. Ct. 1367, 1371–72 (2012).

Because the February 28 letter satisfied neither prong of the *Bennett* test, it was not final agency action, and the federal courts lack subject matter jurisdiction to review it.  The district court's judgment is therefore

4

**AFFIRMED.**[2]

---

[2]Plaintiffs' December 11, 2014 motion for judicial notice of a letter from EPA to Representative Darrell Issa is denied, on the grounds that the letter is irrelevant to the issue presented in this appeal. *See, e.g.*, *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (denying request for judicial notice, in part because information to be noticed did not bear on the "relevant issue" before the court).